KINGSBRIDGE IMPROVEMENT CO., INC., Respondent, *v.* THE AMERICAN EXCHANGE-PACIFIC NATIONAL BANK (Formerly AMERICAN EXCHANGE NATIONAL BANK), as Trustee under a Declaration of Trust Made by ADELE G. BECK, Defendant, Impleaded with ADELE G. BECK, Appellant.

First Department, December 2, 1927.

Vendor and purchaser — specific performance — alleged sale by trustee of express trust — trust was created by settlor for her own benefit with remainder over to executors — settlor had right to revoke trust and on revocation title revested without reconveyance — Statute of Frauds was not complied with.

This is an action to compel the specific performance of a land contract alleged to have been entered into by the trustee of an express trust. The trust was created by the settlor for her own benefit with remainder over to the executors appointed by her will. Notwithstanding the trust instrument provided that the trust was irrevocable, the settlor had the right to revoke the trust, since the reversion was in her, and when the settlor revoked the trust she likewise revoked the power of sale contained therein and the property revested in her without reconveyance by the trustee.

The alleged contract did not satisfy the Statute of Frauds. The memorandum upon which plaintiff relies is a mere statement by the trustee that it had decided to accept the offer of the plaintiff provided it would furnish a full financial statement satisfactory to the trustee. While the plaintiff claimed that it furnished a financial statement and that the vice-president of the trustee orally informed plaintiff that the statement was satisfactory, there was no writing to that effect and, therefore, the conditional proposal to sell the property was not completed by a writing signed by the trustee.

APPEAL by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 22d day of December, 1926.

*Frank C. Laughlin* of counsel [*Stewart W. Bowers* with him on the brief; *White & Simms*, attorneys], for the appellant.

*I. Maurice Wormser* of counsel [*Seymour Mork* with him on the brief; *Philip Wellins*, attorney], for the respondent.

32  KINGSBRIDGE IMP. CO., INC., *v.* AM. EXCHANGE-PAC. N. BANK.

First Department, December, 1927.                    [Vol. 222

McAVOY, J.   The order here denied defendants' motions to dismiss the complaint under rule 107 of the Rules of Civil Practice.

The ground upon which dismissal was asked was  that the contract sued upon does not comply with the Statute of Frauds, the contract being for the sale of real estate.   (See Real Prop. Law, § 259.)

The action is one for specific performance  of a contract to sell certain real property mentioned, which was made between the plaintiff and the defendant bank, which held title to the property as trustee under a trust  created  by  defendant Beck for herself with defendant bank.   The  trustee  joined in the motion below, but does not appeal from the order, defendant Beck appealing alone.

The question which is presented to be decided is whether a series of letters between plaintiff and the trustee, which set out certain terms of the parties' agreement and which plaintiff avers make together a sufficient memorandum to satisfy the requirements of the Statute of Frauds, covers the prescription of that statute. The defendant asserts too that she revoked the trust, which she made for herself, prior to the date of the agreement between the plaintiff and the trustee bank.   It is  urged  by  the plaintiff that the signature of the trustee to the agreement was that of the party to be charged, even though the trust was wholly revoked by the defendant Beck, because the record title is in the trustee through a conveyance made at the time of the making of the trust, and even after revocation the trustee did not reconvey.   But we think it cannot be doubted that there was a proper revocation, since, although the trust agreement provides that it is irrevocable, it is a  trust  created  by  the  settlor  for  herself  as  beneficiary with remainder over to the executors appointed by her will, which leaves the reversion in the creator and which, when revoked by the settlor, revoked the power of sale contained therein, and revested the property in the reversioner without reconveyance by the trustee. Besides, the memorandum in writing upon which plaintiff relies is not sufficient as a document competent to satisfy the Statute of Frauds.   It is a mere statement that the trustee has decided to accept the offer of the plaintiff, provided the company will furnish it with a full financial statement showing all of its assets, liabilities and net worth, and that such financial statement is satisfactory to the trustee.   The full letter is as follows:

" The Trust Committee met this morning and decided to accept the offer of the Kingsbridge Improvement Co., Inc., made by you on its behalf, provided the company will furnish us with a full financial statement showing all of its assets, liabilities and net worth, and that such financial statement is satisfactory to us.

" The proposition submitted by you, as we understand it, is as follows:

" To make an agreement to purchase the property (not an option) for $70,000; $5,000 to be paid on the signing of the contract, $30,000 on the closing of the title, and $35,000 to be secured by a purchase-money bond and mortgage due in three years from date bearing interest at the rate of 6% per annum, with privilege to prepay on thirty days' written notice; title to close not more than six months from date of contract."

This vendor's letter of November twenty-fourth is followed by the plaintiff's letter of November twenty-fifth, which incloses the financial statement requested by the vendor.   The complaint states that this statement was duly furnished to the vendor and that it was accepted and found satisfactory.   The affidavit upon which the motion is made states: " *   *   *   A full financial statement showing all of the assets of the plaintiff, its liabilities and net worth, was forwarded to the defendant, The American Exchange-Pacific National Bank.   That shortly after the receipt by the bank of the letter of November 25th of the plaintiff corporation, Mr. Malburn [vice-president of the bank] informed deponent that the statement was satisfactory.   *   *   * "

There is a denial that this financial statement was submitted to the vendor, and that the vendor stated through its vice-president that it was satisfactory; but whether such officer did make that reply or not, there is no writing accepting this financial statement as satisfactory, and the conditional proposal to sell the property provided that a written statement is submitted, leaves open for verbal proof that such statement was submitted and found satisfactory, which would leave proof of the contract to an oral statement said to have been made by the party to be charged, without any writing showing that such conditional provision had been satisfactorily complied with by the proposed vendee.

We think, therefore, that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.